UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 8:24-cv-00878-FWS-SSC                    Date: May 7, 2024
Title: Ameris Bank v. R and R Lucky, Inc. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:

Not Present                                 Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE RE SUBJECT MATTER
               JURISDICTION**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (1994) (citation and internal quotation marks omitted). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Thus, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 501. As relevant here, diversity jurisdiction requires complete diversity between the parties and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00878-FWS-SSC                    Date: May 7, 2024
Title: Ameris Bank v. R and R Lucky, Inc. *et al.*

diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant."). If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899. If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

In this case, Plaintiff Ameris Bank ("Plaintiff") filed a Complaint against Defendants R & R Lucky, Inc. and Javneet Sandhu on April 22, 2024. (*See generally* Dkt. 1.) "Under Federal Rule of Civil Procedure 8(a), a pleading must contain 'a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.'" *Harris*, 682 F.3d at 850 (quoting Fed. R. Civ. P. 8(a)). Plaintiff alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1 ¶ 8.)

The court finds Plaintiff has failed to allege facts demonstrating complete diversity as required for diversity jurisdiction. With respect to the parties' citizenship, the Complaint alleges that: (1) Plaintiff is a Georgia state-charted banking corporation; (2) Defendant R & R Lucky, Inc. is an Arkansas corporation doing business in County of Washington, Arkansas; and (3) Defendant Sandhu is an individual residing in County of Washington, Arkansas. (*See* Dkt. 1 ¶¶ 1-3.) However, the Complaint does not allege Defendant R & R Lucky, Inc.'s principal place of business. (*See generally* Dkt 1.) Because "a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties," *Harris*, 682 F.3d at 850 (citations omitted), the court concludes Plaintiff has not sufficiently alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-00878-FWS-SSC                                    Date: May 7, 2024
Title: Ameris Bank v. R and R Lucky, Inc. *et al.*

complete diversity between the parties as required for subject matter jurisdiction under 28
U.S.C. § 1332.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing **by May 14, 2024,**
why this case should not be dismissed for lack of subject matter jurisdiction.  *See Kokkonen v.
Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies
outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party
asserting jurisdiction.") (citations omitted); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857
(9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction
should be able to allege affirmatively the actual citizenship of the relevant parties.") (citations
omitted).

Failure to demonstrate a basis for the court's subject matter jurisdiction or comply with
court orders **will** result in dismissal.  *See Arbaugh*, 546 U.S. at 514 ("The objection that a
federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its
own initiative, at any stage in the litigation, even after trial and the entry of judgment.");
*Scholastic Ent.*, 336 F.3d at 985 ("While a party is entitled to notice and an opportunity to
respond when a court contemplates dismissing a claim on the merits . . . it is not so when the
dismissal is for lack of subject matter jurisdiction."); *Musick*, 505 F.2d at 280  ("It has long
been held that a judge can dismiss sua sponte for lack of jurisdiction."); Fed. R. Civ. P. 12(h)(3)
("If the court determines at any time that it lacks subject-matter jurisdiction, the court must
dismiss the action."); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a
federal trial court to dismiss a plaintiff's action with prejudice because of his failure to
prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403
F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least
under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within
the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").


**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku